**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KELLY BORG, on behalf of herself and all similarly-situated individuals,**

**Plaintiffs,**

**v.** **Case No.:**

**PHELAN, HALLINAN, DIAMOND & JONES, PLLC,**

**Defendant.**

_______________________________________/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kelly Borg, files the following Class Action Complaint against PHELAN, HALLINAN, DIAMOND & JONES, PLLC ("PHDJ" or "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").

## PRELIMINARY STATEMENT

1. Plaintiff brings this class action against the Defendant debt collector arising from the routine practice of filing lawsuits against consumers in violation of the FDCPA.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court as to Plaintiff's FDCPA claims arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

3. In personam jurisdiction exists and venue is proper as the Defendant regularly conducts business in this district.

4. Plaintiff is a resident of this district and the alleged violations occurred here. *See* 28 U.S.C. § 1391.

## THE PARTIES

5. Plaintiff Kelly Borg is an adult individual residing in Hillsborough County, Florida and within this Court's jurisdiction.

6. At all times material hereto, Plaintiff was a member of each putative class she seeks to represent.

7. Plaintiff and the putative class members are "consumers" as that term is contemplated in § 1692a of the FDCPA.

8. Defendant is a law firm engaged in the business of collecting debts due or alleged to be due to others across the State of Florida.[1]

9. Defendant is a "debt collector" as that term is contemplated in §1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff in 2005 originally incurred a primary residence mortgage obligation to an entity that is not part of this action.

11. Defendant's client, U.S. Bank National Association, as trustee for Citigroup Mortgage Loan Trust, Inc. Mortgage Pass-Through Certificates, Series 2006-WF1, allegedly later obtained Plaintiff's mortgage obligation, which is serviced by Wells Fargo Bank, N.A.

12. On February 8, 2016, Defendant filed suit on behalf of U.S. Bank against Plaintiff after Plaintiff allegedly fell into arrears as to money owed under the mortgage obligation. This was the second foreclosure action filed by Defendant against Plaintiff. In fact, Plaintiff prevailed

---

[1] According to its profile on martindale.com, it "specializes in providing loss mitigation, foreclosure, bankruptcy, REO, eviction and related services in New Jersey and Pennsylvania to the residential mortgage servicing industry. Since its founding over 25 years ago, the firm has developed into the region's premier default services operation, representing almost every major lender and loan servicer. Phelan Hallinan Diamond and Jones, PLLC is privileged to represent both Fannie Mae and Freddie Mac in Pennsylvania and New Jersey." Defendant also has an office in Florida, located at 2727 West Cypress Creek Road, Ft. Lauderdale, FL 33909.

in the first foreclosure action.

13. The second foreclosure lawsuit was filed by Defendant in Hillsborough County, Florida, and, importantly for purposes of this FDCPA action, includes "Unknown Tenants" as Defendants. It is styled as follows:

**U.S.BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-WF1**
**Plaintiff,**

**vs.**

**KELLY J. BORG A/K/A KELLY JO BORG; HILLSBOROUGH COUNTY, FLORIDA; UNKNOWN TENANT(S) whose name is fictitious to account for parties in possession**
**Defendants.** /

14. The second state court foreclosure lawsuit is currently pending in the Circuit Court in and for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No.: 16-CA-001555. A copy of the second state court foreclosure Complaint is attached as Exhibit A. The second state court foreclosure action is replete with violations of the FDCPA.

15. As a threshold matter, and in violation of the FDCPA, the second state court foreclosure action seeks to collect monthly installment payments due beyond Florida's five year statute of limitations.

16. Additionally, the second state court foreclosure action assesses charges against borrowers for serving process against "unknown tenants". Such process is as a matter of law a

nullity, making these charges improper and, therefore, a violation of the FDCPA, including 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1).

17. The second state court foreclosure action also falsely claims that Defendant's client, U.S. Bank, is the "holder" of the note at issue and, thus, entitled to sue Plaintiff by citure of possession and endorsement. However, this is simply false. Defendant's client, U.S. Bank, is not in possession of the note because it is still in the court file from the prior foreclosure action Defendant filed against Plaintiff. This false claim of holder status is an FDCPA violation, including 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

18. Finally, Defendant violated the FDCPA in the state court foreclosure action by omitting the fact that Plaintiff's home was previously subject to a prior foreclosure lawsuit (albeit unsuccessfully), meaning the loan has already been accelerated and then, as a result of Defendant's prior unsuccessful foreclosure, de-accelerated. Florida law required Defendant to send out a second "Notice of Intent to Foreclose" letter if it wanted to try for a second time to foreclose on Plaintiff's home. Defendant failed to do so prior to instituting the second state court foreclosure action in violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

19. Plaintiff brings this action on her own behalf and on behalf of a class of persons similarly-situated pursuant to Fed.R.Civ.P. 23(a), 23(b)(3). Specifically, Plaintiff seeks to have certified four distinct FDCPA claims against Defendant.

20. First, Plaintiff seeks under 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f(1), to have certified on behalf of a "Statute of Limitations Class" consisting of:

> **All persons in Florida, within the applicable FDCPA statute of limitations period, Defendant filed lawsuits against seeking to collect payment of monthly installment payments due more than 5 years prior to the filing of the Complaint.**

21. Second, Plaintiff asserts an FDCPA claim against Defendant 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(10), consisting of:

**All persons in Florida, within the applicable FDCPA statute of limitations period, Defendant filed a lawsuit against seeking to collect on a debt assessing charges against borrowers for serving process against "unknown tenants."**

22. Third, Plaintiff asserts an FDCPA claim against Defendant 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(10), consisting of:

**All persons in Florida, within the applicable FDCPA statute of limitations period, Defendant filed a lawsuit against seeking to collect on a debt without possessing the original note.**

23. Fourth, and finally, Plaintiff asserts an FDCPA claim against Defendant 15 U.S.C § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f(1), on behalf of a "Premature Loan Acceleration Class" consisting of:

**All persons in Florida, within the applicable FDCPA statute of limitations period, Defendant filed lawsuits against seeking to accelerate a loan without having complied with Florida law requiring Defendant to first send a "Notice of Intent to Foreclose" letter.**

## RULE 23(a) PREREQUISITES

24. Numerosity: The Classes are so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Classes. Based on information and belief, the Classes are comprised of at least hundreds of members and are geographically dispersed throughout the State as to render joinder of all Class Members impracticable. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notices.

25. Typicality: Plaintiff's claims are typical of the other Class Members' claims.

As described above, Defendant uses common practices and automated systems in committing the conduct that Plaintiffs allege damaged them and the Classes. Plaintiff seeks only statutory and damages for her classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class. Defendant uniformly breached the FDCPA by engaging in the conduct described above, and these violations had the same effect on each member of the Classes.

26. Adequacy: Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

27. Commonality: Common questions of law and fact exist as to all members of each Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant's debt letters violated the FDCPA. Even the appropriate amount of damages is a common question for members of each of the Classes.

**RULE 23(b) PREREQUISITES**

28. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

29. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

30. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate

respecting the Classes as a whole.

31. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FDCPA.

32. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution.

33. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.

34. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

35. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

**CLASS CLAIM I – FAIR DEBT COLLECTION PRACTICES ACT**
***Violation of 15 U.S.C. § 1692e(2)(A)***

36. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

37. Defendant's above actions violate 15 U.S.C. § 1692e(2)(A) as to the first proposed putative class because in seeking to collect on to collect payment of monthly installment payments

due more than 5 years prior to the filing of the Complaints at issue, including in Plaintiff's case, Defendant has misrepresented the character, amount, and legal status of the alleged debts at issue.

38. Defendant's above actions violate 15 U.S.C. § 1692e(2)(A) as to the second proposed putative class because Defendant is attempting to assess charges against borrowers – including Plaintiff -- for serving process against "unknown tenants". Such process is, as a matter of law, a nullity meaning these charges are improper and, therefore unfair and deceptive and a violation of the FDCPA.

39. Defendant violated 15 U.S.C. § 1692e(2)(A) as to the third proposed putative class members by falsely claiming that Defendant's client is the "holder" of the note at issue and, thus, entitled to sue Plaintiff by citure of possession and endorsement. However, as to the putative class members at issue here, Defendant's clients are not in possession of the note and, as such, Defendant is not entitled to file foreclosure actions on behalf of clients without possession of the original underlying note.

40. Finally, Finally, Defendant violated 15 U.S.C. § 1692e(2)(A) as to the fourth proposed putative class members in all state court foreclosure actions in which it first instituted -- including Plaintiff's -- without first sending a new "Notice of Intent" to foreclose, after a dismissal of a prior foreclosure suit and resulting deceleration, in compliance with Florida law.

## CLASS CLAIM II – FAIR DEBT COLLECTION PRACTICES ACT
### *Violation of 15 U.S.C. § 1692e(10)*

41. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

42. Defendant's above actions violate 15 U.S.C. § 1692e(10) as to the first proposed putative class because in seeking to collect on to collect payment of monthly installment payments due more than 5 years prior to the filing of the Complaints at issue, including in Plaintiff's case,

Defendant is utilizing false representations and deceptive means to collect or attempt to collect debts.

43. Defendant's above actions violate 15 U.S.C. § 1692e(10) as to the second proposed putative class because Defendant is attempting to assess charges against borrowers -- including Plaintiff -- for serving process against "unknown tenants". Such process is, as a matter of law, a nullity meaning these charges are improper and, therefore unfair and deceptive and a violation of the FDCPA. Thus, Defendant is utilizing false representations and deceptive means to collect or attempt to collect debts.

44. Defendant violated 15 U.S.C. § 1692e(10) as to the third proposed putative class members by falsely claiming that Defendant's client is the "holder" of the note at issue and, thus, entitled to sue Plaintiff by citure of possession and endorsement. However, as to the putative class members at issue here, Defendant's clients are not in possession of the note because such note was in custody of the court after being filed in a prior proceeding, and never having been released, and, as such, Defendant is again utilizing false representations and deceptive means to collect or attempt to collect debts.

**CLASS CLAIM IV – FAIR DEBT COLLECTION PRACTICES ACT**
***Violation of 15 U.S.C. § 1692f(1)***

45. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

46. Defendant's above actions violate 15 U.S.C. § 1692f(1) because, by including in the second state court foreclosure action monthly installment payments due more than 5 years prior to the filing of the Complaint, Defendant is attempting to collect an amount not permitted by law.

47. Defendant's above actions violate 15 U.S.C. § 1692f(1) as to the second proposed putative class because Defendant is attempting to assess charges against borrowers – including Plaintiff -- for serving process against "unknown tenants". Such process is, as a matter of law, a

nullity meaning these charges are improper and, as a result, Defendant is attempting to collect an amount not permitted by law.

48. Defendant violated 15 U.S.C. § 1692f(1) as to the third proposed putative class members by falsely claiming that Defendant's client is the "holder" of the note at issue and, thus, entitled to sue Plaintiff by citure of possession and endorsement. However, as to the putative class members at issue here, Defendant's clients are not in possession of the note and, as such, Defendant is attempting to collect an amount not permitted by law.

49. Finally, Defendant violated 15 U.S.C. § 1692f(1) as to the fourth proposed putative class members in all state court foreclosure actions in which it first instituted -- including Plaintiff's -- without first sending a "Notice of Intent" to foreclose in compliance with Florida law. Thus, Defendant is, once again, attempting to collect an amount not permitted by law.

## FDCPA PRAYER FOR RELIEF

***WHEREFORE***, Plaintiff requests that judgment be entered for herself and the putative classes against Defendant, and that this Honorable Court order the following:

A. Certification of this action to proceed as a class action;

B. Award of statutory damages to the Plaintiff and the class as provided in 15 U.S.C. § 1692k(a)(2)(B);

C. Entry of a Declaratory Judgment that the challenged practices herein violate the FDCPA;

D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a);

E. Such other and further relief as the court deems just and equitable.

## JURY DEMAND

Plaintiff and the putative class members demand trial by jury of all claims so triable.

Dated this 19th day of July, 2016.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: twells@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**