```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

KELLY BORG, on behalf of
herself and all other
similarly situated
individuals

       Plaintiff,

v.                                Case No. 8:16-cv-2070-T-33TGW

PHELAN, HALLINAN, DIAMOND,
& JONES, PLLC,

       Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Phelan, Hallinan, Diamond & Jones, PLLC's Motion to Dismiss or Stay, filed on August 16, 2016. (Doc. # 6). Plaintiff Kelly Borg has filed a response in opposition to the Motion. (Doc. # 17). For the reasons that follow, the Court denies the Motion.

## I. Background

In 2005, Borg took out a mortgage to purchase a primary residence. (Doc. # 1 at ¶ 10). U.S. Bank National Association (U.S. Bank), which is the client of the law firm Phelan, later obtained ownership of Borg's mortgage obligation. (Id. at ¶ 11).

1

On February 8, 2016, after Borg allegedly defaulted on the mortgage, Phelan, on behalf of U.S. Bank, filed a foreclosure action in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, against Borg and "Unknown Tenants." (Id. at ¶¶ 12-14). That case is the second foreclosure action Phelan filed for U.S. Bank against Borg. (Id. at 12). However, Borg prevailed in the first foreclosure action. (Id.).

On July 19, 2016, Borg filed her class action Complaint in this Court against Phelan, alleging Phelan violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA), during its representation of U.S. Bank in the pending foreclosure action. (Id. at ¶ 14). U.S. Bank is not a party in this case. Rather, Borg alleges only that Phelan violated the FDCPA during the foreclosure action in four ways: (1) "attempting to collect monthly installment payments due beyond Florida's five year statute of limitations"; (2) "assess[ing] charges against borrowers for serving process on 'unknown tenants'"; (3) "falsely claim[ing] that [Phelan's] client, U.S. Bank, is the 'holder' of the note at issue and, thus, entitled to sue [Borg] . . ."; and (4) "omitting the fact that [Borg's] home was previously subject to a prior

foreclosure lawsuit" and "fail[ing] to [file a second 'Notice of Intent to Foreclosure' letter] prior to instituting the second state court foreclosure." (Id. at ¶¶ 15-18).

Subsequently, Phelan filed its Motion to Dismiss or Stay, requesting that the Court abstain pursuant to the Colorado River doctrine. (Doc. # 6). Borg filed her response on September 23, 2016. (Doc. # 17). This matter is now ripe for the Court's review.

## II. Legal Standard

The Colorado River doctrine "addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." Ambrosia Coal & Constr. Co. v. Pagés Morales, 368 F.3d 1320, 1327 (11th Cir. 2004). The Colorado River doctrine speaks equally to declining or staying consideration of a case. See, e.g., Clay v. AIG Aerospace Ins. Servs., Inc., 61 F. Supp. 3d 1255, 1266 (M.D. Fla. 2014); Fla. Dep't of Fin. Servs. v. Midwest Merger Mgmt., LLC, No. 4:07cv207-SPM/WCS, 2008 WL 3259045, at *5 (N.D. Fla. Aug. 6, 2008).

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them, and the general rule is that "the pendency of an action in the state court is no

bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). "And while abstention as a general matter is rare, Colorado River abstention is particularly rare, permissible in fewer circumstances than are the other abstention doctrines." Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1140 (11th Cir. 2013). "[A] federal court may dismiss an action because of parallel state court litigation only under 'exceptional' circumstances . . . . Indeed, 'only the clearest of justifications will warrant dismissal.'" Am. Bankers Ins. Co. of Fla. v. First State Ins. Co., 891 F.2d 882, 884 (11th Cir. 1990) (quoting Colorado River, 424 U.S. at 818-19).

"The principles of this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004)(quoting Colorado River, 424 U.S. at 817, and emphasizing that courts "may defer to a parallel state proceeding under 'limited' and 'exceptional' circumstances").

"To determine whether abstention is merited under Colorado River, a court must decide as a threshold matter

4

whether there is a parallel state action — that is, 'one involving substantially the same parties and substantially the same issues.'" Sini v. Citibank, N.A., 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014)(quoting Jackson-Platts, 727 F.3d at 1140). However, the state and federal cases need not share identical parties and issues to be considered parallel for purposes of Colorado River abstention. Ambrosia Coal, 368 F.3d at 1329-30; O'Dell v. Doychak, No. 6:06-cv-677-ORL-19KRS, 2006 WL 4509634, at *6 (M.D. Fla. Oct. 20, 2006)("Parallel proceedings do not have to involve identical parties, issues and requests for relief.").

Assuming satisfaction of that threshold issue, the Eleventh Circuit

> has catalogued six factors that must be weighed in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

Ambrosia Coal, 368 F.3d at 1331.

"In addition, the Eleventh Circuit [has] noted two policy considerations that may influence whether a Colorado River abstention is appropriate: (1) whether the litigation is 'vexatious or reactive in nature,' and (2) whether the

5

concurrent cases involve a federal statute that evinces a policy favoring abstention." Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc., No. 3:10-cv-423-J-34TEM, 2011 WL 4529604, at *8 (M.D. Fla. Sept. 30, 2011)(citing Ambrosia Coal, 368 F.3d at 1331).

Balancing all the factors must be "heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). Throughout this analysis, there remains a "presumption in favor of the federal court retaining jurisdiction." Am. Bankers, 891 F.2d at 885; Moses H. Cone, 460 U.S. at 25-26 ("[O]ur task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the federal court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, to justify the surrender of jurisdiction.")(quotation omitted).

**III. Analysis**

Phelan argues that the instant FDCPA action is substantially similar to the pending state foreclosure action and the factors weigh in favor of abstention. (Doc. # 6 at 1-2). Borg acknowledges that the alleged FDCPA violations were actions taken by Phelan in its representation of U.S. Bank

6

during the foreclosure action. (Doc. # 17 at ¶ 4). However, Borg contends that the cases are not substantially similar in parties or issues. (Id. at 5-6). The Court agrees with Borg and finds that the present FDCPA action and the pending foreclosure action are not similar enough to warrant abstention under the Colorado River doctrine.

Particularly helpful to the Court's analysis is the Eleventh Circuit opinion Acosta v. James A. Gustino, P.A., 478 Fed. Appx. 620 (11th Cir. 2012), in which a borrower in a state foreclosure action sued the lender's law firm in federal court for FDCPA violations it allegedly committed during the foreclosure case. In Acosta, the Eleventh Circuit disagreed with the district court's conclusion that a defendant law firm was a substantially similar party to its client in the foreclosure action because the firm "acted as agents for the [client lender] in the state case regarding all of the activities of which the [plaintiff in the federal FDCPA case] complains." Id. at 621. The Eleventh Circuit warned that such an agency-based finding of substantial similarity "could capture a variety of different entities and individuals and label them as 'substantially similar parties.'" Id. at 622. While identical parties are not required, the Court notes that this case does not share the

7

same parties as the pending foreclosure case. Here, Borg names Phelan, rather than U.S. Bank, as defendant. While U.S. Bank hired Phelan to represent it in the foreclosure action, Phelan committed the allegedly unlawful acts during that representation.

Additionally, the alleged violations of the FDCPA do not impinge on the issue underlying the foreclosure action: whether the mortgage is valid and Borg failed to make the required payments on that mortgage. See Acosta, 478 Fed. Appx. at 622 (expressing doubt that state action's resolution would decide the federal case because "the key to the federal case is not only whether the debt was enforceable but also whether the [defendant law firm's] conduct when collecting the debt complied with the [FDCPA]"). The cases involve different claims — one under state foreclosure law and the other under the FDCPA. Also, the cases involve different types of relief: Borg seeks statutory damages under the FDCPA in the federal case, while U.S. Bank seeks to foreclose on Borg's home in the state case.

Although the alleged FDCPA violations occurred in the foreclosure action, it is unclear whether the Court would have "nothing further to do in resolving any substantive part

8

of the case" if the state foreclosure action was decided. Moses H. Cone, 460 U.S. at 28. As the Supreme Court explained,

> When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

Id.; see also Owens v. Ronald R. Wolf & Assocs, P.L., No. 13-61769-CIV, 2013 WL 6085121, at *5 (S.D. Fla. Nov. 19, 2013)(not abstaining in FDCPA action against law firm that represented the lender in state foreclosure action because the court had "doubts whether the resolution of the state court action in Plaintiff's favor will bar all his claims against Defendant"). Even if Borg prevails in the pending foreclosure action, her claims against Phelan for its allegedly unlawful conduct under the FDCPA may survive.

The cases cited by Phelan do not alleviate the Court's doubts as the parties in those cases included at least one defendant in the federal case that was also a plaintiff in the underlying foreclosure action. See Beepot, 2011 WL 4529604, at *7 ("[T]he state and federal proceedings are parallel, involving the same parties, the same loan, and the same property."); see also Harper v. Chase Manhattan Bank,

138 Fed. Appx. 130, 133 (11th Cir. 2005)(borrower's federal statutory claims, including an FDCPA claim, against lender were barred under the Rooker-Feldman abstention doctrine as inextricably intertwined with an earlier foreclosure proceeding in state court in which borrower could have raised these claims); Hendricks v. Mortg. Elec. Registration Sys., Inc., No. 8:12-cv-2801-T-30TGW, 2013 WL 1279035, at *3 (M.D. Fla. Mar. 28, 2013)(noting that the "federal case and state foreclosure proceeding involve substantially the same parties" with one defendant in the federal case, Deutsche Bank, as a plaintiff in the foreclosure action).

As courts should not abstain "if there is any substantial doubt about whether two cases are parallel," the Court will not abstain from the instant FDCPA action. Acosta, 478 Fed. Appx. at 622; see also Owens, 2013 WL 6085121, at *5 ("Given the Court's doubts as to whether this action and the state foreclosure action are truly parallel, the Court declines to abstain.").

However, even if the Court were to find that the foreclosure action and the present case are parallel proceedings, the Court would, nevertheless, decline to abstain under Colorado River based on its weighing of the six factors. Two factors do weigh in favor of abstention: the

10

state court has assumed jurisdiction over the property at issue in the foreclosure action and the foreclosure was commenced before initiation of the federal case. (Doc. # 6 at 7; Doc. # 17 at 8, 10).

Weighing against abstention, the FDCPA claims arise under federal law and Borg argues that the federal court's expertise over the FDCPA makes it a better forum for the protection of Borg's rights. (Doc. # 17 at 10). Litigation in this Court is not inconvenient for the parties as the foreclosure action is pending in state court in Hillsborough County, Florida, minimizing any difficulty of litigating in this Court for the parties or witnesses. Cf. Noonan S., Inc. v. Cty. of Volusia, 841 F.3d 380, 382 (11th Cir. 1988)("This action was pending in Orlando, which is but fifty miles from Daytona Beach, the site of Volusia County's state court action. Any inconvenience associated with litigating in federal court would thus be negligible.").

Additionally, piecemeal litigation, which "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results," is not a serious risk because the federal and state cases do not share the same defendants, same claims, or same types of requested relief. Am. Int'l Underwriters, Inc. v. Cont'l Ins.

11

Co., 843 F.2d 1253, 1258 (9th Cir. 1988); see also Ambrosia Coal, 368 F.3d at 1333 (noting that "the avoidance of piecemeal litigation does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious"). Finally, the Court does not conclude that the FDCPA action is vexatious and reactive in nature merely because the FDCPA action is based on Phelan's conduct in the foreclosure case. Balancing these factors heavily in favor of the exercise of jurisdiction, abstention would be improper.

As it is uncertain whether this case and the foreclosure action share substantially the same parties and issues, the Court declines to dismiss or stay the case pursuant to the Colorado River doctrine.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Phelan, Hallinan, Diamond & Jones, PLLC's Motion to Dismiss or Stay (Doc. # 6) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of November, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE